1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9     MICHAEL STARRETT, CO-649-4,        )
                                         )
10              Plaintiff(s),            )        No. C 14-4547 CRB (PR)
                                         )
11        vs.                            )        ORDER OF TRANSFER
                                         )
12    AUDREY KING, et al.,               )        (Dkt. #2 & 6)
                                         )
13              Defendant(s).            )
      ─────────────────────────────      )
14
15                                      I.
16          Plaintiff Michael Starrett, a former state prisoner now civilly committed to

17    Coalinga State Hospital after a Santa Clara County Superior Court jury found him to be

18    a sexually violent predator under California's Sexually Violent Predators Act, Cal. Welf.

19    & Inst. Code § 6600 et seq. (SVPA), has filed a pro se action under 42 U.S.C. § 1983

20    challenging SVPA's commitment and treatment scheme.  In a nutshell, plaintiff claims

21    that SVPA's "assessment methodology" for predicting recidivism, and SVPA's failure

22    to provide sexually violent predators with outpatient treatment, are unconstitutional.

23    Plaintiff seeks declaratory relief and an injunction preventing defendants – all current or

24    former officials of California's Department of State Hospitals (formerly known as the

25    Department of Mental Health) – from holding civil detainees under SVPA until

26    defendants are able to offer them outpatient treatment.   Plaintiff also seeks leave to

27    proceed in forma pauperis under 28 U.S.C. § 1915 (dkt. #2 & 6), which, based solely on

28    his affidavit of poverty, is granted.

II.

1

2   "'Federal law opens two main avenues to relief on complaints related to

3   imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the

4   Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges

5   to the lawfulness of confinement or to particulars affecting its duration are the province

6   of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad

7   v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his

8   confinement, however, may be brought under § 1983."  Id.

9        Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or

10  speedier release'" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)

11  (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523

12  U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v.

13  Rodriguez, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not

14  'necessarily spell speedier release,' however, suit may be brought under § 1983.'"

15  Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82).  As a consequence,

16  challenges to prison conditions traditionally have been cognizable only via § 1983,

17  while challenges implicating the fact or duration of confinement must be brought

18  through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

19       Although plaintiff is a civilly committed patient, rather than a criminally

20  convicted prisoner, the habeas versus § 1983 proper remedy distinction also applies.

21  Compare Hubbart v. Knapp, 379 F.3d 773, 779-81 (9th Cir. 2004) (upholding

22  constitutionality of SVPA against habeas challenge under 28 U.S.C. § 2254) with

23  Hydrick v. Hunter, 669 F.3d 937, 941-42 (9th Cir. 2012) (accepting defendants'

24  qualified immunity defense to civil committees' § 1983 challenge to their conditions of

25  confinement).  Consequently, to the extent that plaintiff seeks relief that would entitle

26  him to immediate or earlier release from his civil commitment, he must file a petition for

27

28                                        2

a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Skinner, 131 S. Ct. at 1293; see also Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus after state judicial remedies have been exhausted).  And to the extent that plaintiff seeks relief that may be construed as not necessarily requiring speedier release from his civil commitment, his § 1983 action must be brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State Hospital and where all named defendants reside.  See 28 U.S.C. §§ 84(b), 1391(b).

III.

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk shall transfer this matter and terminate all pending motions as moot.

SO ORDERED.

DATED: Dec. 1, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Starrett, M.14-4547.transfer.wpd